IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CASE NO.  5:17CR00200 |
| | ) | |
| Plaintiff | ) | JUDGE DAN A. POLSTER |
| | ) | |
| v. | ) | |
| | ) | |
| CLIFFORD J. MILLER | ) | DEFENDANT'S SENTENCING |
| | ) | MEMORANDUM |
| Defendant | ) | |

Clifford Miller ("Miller" or "Defendant"), through undersigned counsel, provides the

attached memorandum for this Court's consideration in advance of the April 2, 2019 sentencing

hearing in this case.

Respectfully submitted,

*/s/ Fernando O. Mack*
FERNANDO O. MACK
Reg. No.: 0062937
1220 W. 6th St., Ste. 203
Cleveland, OH 44113
(216) 556-9610
(855) 320-8107 (Fax)
losmacks@msn.com
*Attorney for Defendant*

<u>**SENTENCING MEMORANDUM**</u>

## I.   STATEMENT OF THE CASE

On July 10, 2018, Miller was named in a twelve-count superseding indictment, which

alleged the commission of the following offenses –

| Count | Offense | Code |
|-------|---------|------|
| 1 | Conspiracy to Distribute Cocaine | 21 U.S.C. § 841(a)(1) and (b)(1)(B) 21 U.S.C. § 846 |
| 2-4 | Distribution of Cocaine | 21 U.S.C. § 841(a)(1) and (b)(1)(C) |
| 5-10 | Use of Communication Facility in Felony Act related to 21 U.S.C. § 846 | 21 U.S.C. § 843(b) |
| 11 | Conspiracy to Distribute Heroin | 21 U.S.C. § 841(a)(1) and (b)(1)(B) 21 U.S.C. § 846 |
| 12 | Distribution of Heroin | 21 U.S.C. § 841(a)(1) and (b)(1)(C) |

Miller pled guilty to a lesser included offense of Count 1 of the superseding indictment.

The matter was referred for a presentence report and a sentencing hearing was scheduled for

February 1, 2019.

## II.   LAW AND ARGUMENT

### A.   The Sentencing Guidelines are Merely Advisory, and Not Binding Upon this Honorable Court

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in

*Blakely v. Washington,* 124 S. Ct. 2531 (2004) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000)

applies to the Federal Sentencing Guidelines. *United States v. Booker*, 125 S. Ct. 738, 756 (2005).

Given the mandatory nature of the Sentencing Guidelines, the Court found "no relevant

distinction between the sentence imposed pursuant to the Washington statutes in *Blakely* and the

2

sentences imposed pursuant to the Federal Sentencing Guidelines" in the cases before the Court.

Id. at 751.  Accordingly, reaffirming its holding in *Apprendi*, the Court concluded that

> [a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

*Id.* at 756.

Based on this conclusion, the Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. §3553(b)(1) or which rely upon the Guideline's mandatory nature, 18 U.S.C. §3742(e), incompatible with its Sixth Amendment holding.  *Booker*, 125 S. Ct. at 756.  Accordingly, the Court severed and excised those provisions, "mak[ing] the Guidelines effectively advisory."  *Id*. at 757.

Instead of being bound by the Sentencing Guidelines, the Sentencing Reform Act, as revised by *Booker*,

> requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. §3553(a) (4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well, see §3553(a).

*Booker*, 125 S. Ct. at 757.  Thus, under *Booker*, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a).

The primary directive in Section 3553(a) is for sentencing courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." Section 3553(a) (2) states that such purposes are:

> (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B)  to afford adequate deterrence to criminal conduct;
> (C)  to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider the following factors:

1) "the nature and circumstances of the offense and the history and characteristics of the defendant" (§3553(a) (1);
2) "the kinds of sentences available" (§3553(a) (3));
3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" (§3553(a) (6); and
4) "the need to provide restitution to any victims of the offense." (§3553(a) (7).

Other statutory sections also give the district court direction in sentencing. Under 18 U.S.C. §3582, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the Section 3553(a) factors, the judge is required to "recogniz[e] that imprisonment is *not* an appropriate means of promoting correction and rehabilitation" (emphasis added).

Under 18 U.S.C. §3661, "*no limitation* shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (emphasis added). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See: U.S.S.G. §5H1. See also: *United States v. Naylor*, 359 F.Supp.2d 521, 2005 WL 525409, *2, 2005 U.S. Dist. LEXIS 3418 (W.D. Va. Mar. 7, 2005) (Jones, J.) (concluding that sentence below career offender guideline range was reasonable in part because of defendant's youth when he committed his predicate

4

offenses, he was 17, and noting that in *Roper v. Simmons,* 125 S. Ct. 1183, 1194-96 (2005), the Supreme Court found significant differences in moral responsibility for crime between adults and juveniles).

The directives of *Booker* and §3553(a) make clear that courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in *Booker*, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the §3553(a) factors, many of which the guidelines either reject or ignore." *United States v. Ranum*, 353 F. Supp. 2d 984, 985-86 (E.D. Wisc. Jan. 19, 2005) (Adelman, J.). As another district court judge has correctly observed, any approach which automatically gives "heavy" weight to the guideline range "comes perilously close to the mandatory regime found to be constitutionally infirm in *Booker*." *United States v. Jaber*, 362 F.Supp.2d 365, 2005 WL 605787 *4 (D. Mass. March 16, 2005) (Gertner, J.). See also *United States v. Ameline*, 400 F.3d 646, 655-56 (9th Cir. Feb. 9, 2005) (advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), reh'g en banc granted, 401 F.3d 1007 (9th Cir. 2005).

The overriding principle and basic mandate of 18 U.S.C. §3553(a) requires district courts impose a sentence "sufficient, but not greater than necessary," to achieve the four (4) purposes of sentencing set forth in 18 U.S.C. §3553(a) (2): (a) retribution; (b) deterrence; (c) incapacitation; and (d) rehabilitation. *United States v. Phelps*, 366 F.Supp.2d 580, 587 (E.D. Tenn. 2005).

5

**B.     Application of the Statutory Sentencing Factors to the Facts of this Case**

Pursuant to the plea agreement, the parties have stipulated that the amount of drugs in question was at least 500 grams, but less than 2 kilograms.  Pursuant to USSG §2D1.1(c)(8), Miller's base offense level is twenty-four (24).  After a three-level decrease for acceptance of responsibility, Miller's resulting total offense level is twenty-one (21).

Miller's criminal history subtotal is six (6), which places him within criminal history category III.

Thus, pursuant to the guideline provisions, for the above totals Miller's guideline range of imprisonment is 46–57 months.

Courts should consider the following factors when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

**1.     The Nature and Circumstances of the Offense and the History and Characteristics of the Offender**

**(a) Nature and Circumstances of Offense**

Miller has pled guilty in this case.  He has accepted full responsibility for his actions by way of his plea and statement, and he now recognizes the detrimental impact his actions have had on the community, his family, and himself.

**(b) History and Characteristics of Defendant**

Miller was born in October of 1977 in Akron, Ohio.  He and his three sibling were raised by their mother and father (until they separated in the early 1990's).  The family lived in a bad neighborhood, where drugs and violence were not uncommon.  Those same problems were also found inside the Miller home – his father was addicted to crack cocaine, which at times led to him being violent toward his wife.  On one occasion, 12-year-old Miller attempted to shoot his

father in order to keep his mother safe from him.  Violence was a recurring theme in Miller's early years – when he was 16, Miller's best friend died in his arms when he was struck by a bullet intended for Miller.

Miller graduated from Buchtel High School in Akron in 1996.  He subsequently took college courses in an effort to earn a degree in forensic science and chemical dependency.  But his studies were halted when he incarcerated in 2008.

For the last 16 years, Miller and his wife Brittany have been married.  They have two teenage children.

> **2.    The Need for the Sentence Imposed To Promote Certain Statutory Objectives:**
>
> > **(a) to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner**

In this case, a sentence of 46 months would accomplish the above statutory objectives. Miller has pled guilty in this case; he has accepted full responsibility for his actions and is genuinely remorseful about his decision to engage in such negative conduct.

> **3.    The Kinds of Sentences Available**

In *Booker*, the Supreme Court severed and excised 18 U.S.C. §3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular sentencing guidelines range. *Booker,* 125 S. Ct. at 756.  This renders the sentencing guidelines advisory.  *Id.*  Based on the circumstances of this case, imposition of a term of incarceration below the guideline range would be sufficient to serve the statutory directives.

7

**4.      The Sentencing Range Established by the Sentencing Commission**

In light of Miller's acceptance of responsibility, a 46-month sentence would be sufficient, but not greater than necessary, to comply with statutory directives.

**5.      The Need to Avoid Unwarranted Disparities**

In this case, the minimum guideline sentence would would not be greater than necessary to comply with the sentencing guidelines, and would not created disparities among similarly-situated defendants.

**6.      The Need to Provide Restitution to any Victims of the Offense**

Restitution is not an issue in this case.


**<u>CONCLUSION</u>**

Defendant respectfully moves this Honorable Court to impose the minimum guideline term of incarceration.  Doing so will promote respect for the law, provide just punishment, afford adequate deterrence to criminal conduct, and avoid an unwarranted sentencing disparity.


*/s/ Fernando O. Mack*
FERNANDO O. MACK
*Attorney for Defendant*

8

**CERTIFICATE OF SERVICE**

A copy of this *Sentencing Memorandum* was filed with the Court via its Electronic Filing

System on March 26, 2019; notice of the filing will be transmitted to all parties by operation of

the system.

_/s/ Fernando O. Mack_
FERNANDO O. MACK
*Attorney for Defendant*
