# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | CASE NO.  17-CR-200 |
| ) | |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| **CLIFFORD J. MILLER,** ) | |
| ) | |
| **Defendant.** ) | |

Before the Court is Defendant Clifford Miller's Motion for Compassionate Release, **Doc #: 95**. Miller moves for relief so that he can care for his father. Doc #: 95.

The statute which authorizes compassionate release, 18 U.S.C. § 3582(c)(1), contains an exhaustion requirement. This exhaustion requirement mandates that a defendant first ask the Bureau of Prisons ("BOP") to bring a motion for compassionate release on his or her behalf. 18 U.S.C. § 3582(c)(1). A defendant may then file a motion for compassionate release with a court after:

> [T]he defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . .

18 U.S.C. § 3582(c)(1)(A).

This exhaustion requirement is a mandatory claim-processing rule which must be enforced when properly invoked. *United States v. Alam*, 2020 U.S. App. LEXIS 17321, at *5-6

(6th Cir. June 2, 2020). A mandatory claim-processing rule is properly invoked when a party timely raises it. *See* id. That said, courts may sua sponte raise and enforce mandatory claim-processing rules. *See United States v. Gaytan-Garza*, 652 F.3d 680, 681 (6th Cir. 2011). This Court now sua sponte enforces the exhaustion requirement.

Miller's Motion is silent as to whether he satisfied the exhaustion requirement. Accordingly, Miller's Motion, **Doc #: 95**, is **DENIED WITHOUT PREJUDICE**. Miller may file a motion for compassionate release once he has presented his request to the warden of his facility and either (1) he has exhausted all administrative rights to appeal the failure of the BOP to bring a motion on his behalf or (2) 30 days pass from the day the warden received the request.[1]

**IT IS SO ORDERED.**

*/s/Dan Aaron Polster June 18, 2020*
**DAN AARON POLSTER**
**UNITED STATES DISTRICT COURT**

---

[1] On June 17, 2020, the Court appointed a Federal Public Defender who may assist Miller in refiling his motion once he has satisfied the exhaustion requirement.