IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO: 5:17-CR-200 |
| | ) |
| v. | ) Judge Dan Aaron Polster |
| | ) |
| CLIFFORD MILLER, | ) **OPINION AND ORDER** |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM**

Before the Court is Defendant Clifford Miller's Motion for Reconsideration of his motion to reduce his sentence pursuant to 18 U.S.C § 3582(c)(1)(A), **Doc #: 108**. For the following reasons, Miller's Motion is **GRANTED.**

On August 28, 2020, Miller requested that the Court reduce his sentence so that he can escape the outbreak of COVID-19 at Morgantown FCI ("Morgantown"), where he is held. *See* Doc #: 97. The Court appointed a Federal Public Defender for Miller regarding his request for compassionate release. *Id*. On November 3, 2020, Miller, by and through counsel, filed a supplemental motion to reduce his sentence. Doc #: 102. On November 23, 2020, the Court denied Miller's motion to reduce his sentence finding that Miller does not present extraordinary and compelling circumstances due to the COVID-19 statistics at Morgantown.[1] Doc #: 107 at 2-3. The Court also acknowledged the steps Miller has taken to rehabilitate himself. *Id*. at 3. On November 30, 2020, Miller filed this instant Motion asking the Court to reconsider its November 23, 2020

---

[1] However, the Court found that Miller's type II diabetes presented an increased risk of harm if he were to test positive for COVID-19 satisfying the first prong of the "extraordinary and compelling reasons" test.

1

Order. *See* Doc #: 108. On December 1, 2020, the Government filed an opposition to Miller's Motion. Doc #: 109.

## DISCUSSION

Three situations justify reconsideration: "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or to prevent manifest injustice." *Hamilton v. Gansheimer*, 536 F. Supp. 2d 825, 842 (N.D. Ohio 2008); *see United States v. Miller*, 697 F. App'x 842, 843 n.1 (6th Cir. 2017). Courts should not reconsider prior decisions where the motion for reconsideration proffers new arguments that could have been discovered and offered during the initial consideration of the issue. *Hamilton*, 536 F. Supp. 2d at 842.

Here, Miller's Motion seeks reconsideration of the Court's November 23, 2020 Order denying his motion to reduce his sentence, within the time frame allowed. "A motion for reconsideration in a criminal case must be filed within the fourteen-day period for filing an appeal." *United States v. Miller*, 697 F. App'x 842, 843 n.1 (6th Cir. 2017).

Miller's Motion offers new evidence regarding the current conditions at Morgantown relating to the COVID-19 pandemic. Specifically, Miller offers an email from Miller describing the conditions at Morgantown and BOP statistics demonstrating the increased positive COVID-19 results. The Court finds this new evidence to be compelling. When the Court issued its November 23, 2020 Order, only two (2) staff members and zero (0) inmates were positive at Morgantown. Doc #: 107 at 3. At the time Miller's Motion was filed, on November 30, 2020, Morgantown reported four (4) new active COVID-19 inmate cases. On December 1, 2020, at the time the Government filed an opposition to Miller's Motion, Morgantown reported 26 additional active COVID-19 inmate cases for a total of 30 inmates and two (2) staff members with positive results.[2]

---

[2] COVID 19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (visited on December 2, 2020).

Now, two days later, 72 inmates and two (2) staff members are currently positive for COVID-19.[3] Notably, Morgantown cases rose from zero to 72 active COVID-19 cases in no more than ten days. *Id*. It is clear from this substantial rise in COVID-19 cases that Morgantown not only has a severe outbreak of COVID-19, but a rampant, and apparently uncontrollable, one. While the Court notes that the number of tested inmates at Morgantown rose from 268 to 330[4], it is clear that the current outbreak at Morgantown is not slowing down, especially with the sleeping conditions Miller described in his Motion. *See* Doc # 108 at 4. Accordingly, the Court finds Miller presents an extraordinary and compelling reason for allowing compassionate release.

### A. Danger to Safety of Other Persons or Community

In the Court's November 23, 2020 Order, the Court did not find it necessary to evaluate whether Miller is a danger to the safety of any other person or the community if he were to be released because Miller failed the "extraordinary and compelling reasons" test. However, given Morgantown's significant rise in COVID-19 cases, the Court finds it necessary now. For a court to grant compassionate release, it must also find that "defendant [is not] a danger to the safety of any other person or the community, as provided in 18 U.S.C. § 3142(g)." *Hardin*, 2020 U.S. Dist. LEXIS 90855, at *5 (quoting United States Sentencing Commission, Guidelines Manual, § 1B1.13(2) (Nov. 2018)). Section 3142(g) calls for courts to consider: (1) the nature of the circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. *Id*.

---

[3] COVID 19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (visited on December 3, 2020).
[4] COVID 19 Coronavirus, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/coronavirus/ (visited on December 3, 2020).

The Government argues that the nature of Miller's conviction and his prior criminal record makes him a danger to society. *See* Doc #: 105 at 7-8. Particularly, the Government cites Miller's current offense and criminal record. *Id*. However, the Court is unpersuaded. Miller's current offense was a non-violent drug offense. As the record shows, Miller has pled guilty for such offense and accepted full responsibility for his actions by way of his plea and statement to the Court. Prior to this offense, Miller had not been involved with the criminal justice system since 2013 after being released from serving a forty (40) month imprisonment.

Furthermore, the Court may consider a prisoner's post-offense developments which provide the most up-to-date picture of a defendant's history and characteristics and sheds light on the likelihood that a defendant will engage in future criminal conduct. *See Pepper v. United States*, 562 U.S. 476, 490-93 (2011). Miller's BOP records show that he has a low pattern risk level and been actively working on his rehabilitation. *See* Doc #: 102, Ex. 8-9. While in prison, Miller has completed the Drug Education Course, worked as barber since September 2019, and completed his financial obligation to the Court. Upon weighing these factors, the Court finds Miller is not a danger to other persons nor the community.

**B.  Section 3553(a) Factors[5]**

Finally, the Court must "consider [] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). Miller has less than half of his prison sentence remaining, and his time served in prison has been significant punishment for his offense given his health issues during the COVID-19 pandemic. The Court finds Miller's time served in prison is adequate to achieve much of the original sentence's purpose in terms of

---

[5] Due to the overlap between the factors the Court must address in analyzing a defendant's danger to society and many of the 3553(a) sentencing factors, the Court need not address the 3553(a) factors that were already addressed in the previous section. See 18 U.S.C. §§ 3553(a)(1), 3553(a)(2)(B)-(D).

reflecting the seriousness of the offense, promoting respect for the law, providing just punishment, and providing a deterrent effect. *See* 18 U.S.C. § 3553(a)(2); *see also United States v. Kontrol*, 554 F.3d 1089, 1093 (6th Cir. 2009) (district courts have "broad discretion to determine what sentence will serve [§ 3553(a)'s] statutory objectives"). A reduction in his sentence will not undo the punishment Miller has already been subjected to, nor will it eradicate the effects of his original sentence.

Because this Court balanced the 3553(a) factors when initially sentencing Miller and the sense of urgency given the current status of positive cases presented at Morgantown, the Court need not pen a lengthy opinion regarding 3553(a) factors. *See United States v. Jones*, No. 20-3701, 2020 U.S. App. LEXIS 36620, at *30 (6th Cir. Nov. 20, 2020) ("Reading the judge's compassionate release decision and the original sentencing hearing transcript together reveals that the district judge carefully considered all relevant § 3553(a) factors."). Accordingly, upon careful consideration, the Court finds the § 3553(a) factors also favor release.

## CONCLUSION

The time Miller has served is sufficient punishment, particularly considering the likelihood of severe medical complications or death should he contract COVID-19. The Court sincerely hopes Miller will go forth and live a law-abiding life.

The Court hereby reduces Miller's sentence to time served, plus up to 14 days in the discretion of BOP to quarantine Miller in a segregated cell prior to release. Miller's term of supervised release remains at six (6) years, subject to the terms imposed at sentencing.

For these reasons, Miller's Motion, **Doc #: 108**, is **GRANTED.**

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster December 3, 2020*